**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CLAYTON SIMMONS, | |
| Plaintiff, | 2:10-cv-00011-PMP-LRL |
| v. | |
| HENDERSON POLICE DEPARTMENT, *et al.*, | **ORDER** |
| Defendants. | |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). Based on the information provided, the court finds that plaintiff is unable to prepay the filing fee.

While the caption of the Complaint indicates that the Henderson Police Department is the defendant in the matter, the substance of the Complaint names only John Does as defendants. As a general rule, "the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. California Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968) ("The action was also properly dismissed as to the fictitious defendants identified only as 'Does' in the complaint as amended."). However, inasmuch as a document filed *pro se* is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted), the court construes the Complaint to name as defendants the Henderson Police Department, as well as Doe police officers. *Accord* Rule 8(f) ("All pleadings shall be so construed as to do substantial justice"). Plaintiff, through discovery, may determine the identities of the Doe defendants and upon doing so must amend his Complaint to name them.

Accordingly, and for good cause shown,

. . .

1  IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

2  IT IS FURTHER ORDERED that the plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint, issue summons to the defendants named in the complaint, and deliver the summons to the U.S. Marshal for service. The plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms.

IT IS FURTHER ORDERED that after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that henceforth plaintiff shall serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 7th day of May, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**